IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MARCSON LUBIN and ERZULIE LUBIN, | ) |
| Plaintiffs, | ) ) ) |
| v. | ) Case No. CIV-12-1379-D |
| TRACFONE WIRELESS, INC., | ) ) ) |
| Defendant. | ) |

**O R D E R**

On December 12, 2012, Plaintiff Marcson Lubin filed a *pro se* Complaint asserting claims of negligence and breach of contract against Defendant TracFone Wireless, Inc. Although the Complaint also names Erzulie Lubin as a plaintiff, the Complaint is signed only by Marcson Lubin. Thus, all references to "Plaintiff" in this Order mean Marcson Lubin.[1]

Plaintiff recites a series of events beginning on December 9, 2012, regarding a monthly agreement with Defendant for cellular telephone service. Plaintiff alleges Defendant discontinued his service before the 30-day term had expired and, when service was ultimately restored, he was not informed that his telephone number had been changed. Plaintiff alleges the error was only discovered after friends and family members questioned why they were not informed of the change of numbers. Plaintiff's efforts to regain his previous telephone number allegedly have been unsuccessful. Plaintiff claims he has suffered embarrassment and cancellations of business meetings and other important matters. Plaintiff seeks an order requiring Defendant to restore his telephone number, and damages in the amount of $1,000,000.

---

[1] Because Marcson Lubin does not claim to be a licensed attorney, he cannot appear on behalf of another individual in a legal proceeding, and can only represent himself in federal court. *See* 28 U.S.C. § 1654 ("the parties may plead and conduct their own cases personally or by counsel").

Upon the examination of the Complaint, the Court finds that it fails to satisfy federal pleading requirements because it does not contain "a short and plain statement of the grounds for the court's jurisdiction." Fed. R. Civ. P. 8(a)(1). As explained by the Supreme Court:

> Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree. It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction.

*Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994) (citations omitted). Before this Court can hear the action, Plaintiff must provide a basis for the exercise of federal subject matter jurisdiction.

Because Plaintiff has been authorized to proceed *in forma pauperis* and his pleading is deficient, the action is subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). In light of his *pro se* status, however, Plaintiff will be permitted to amend his pleading. Nevertheless, Plaintiff is cautioned that a *pro se* litigant must "'follow the same rules of procedure that govern other litigants.'" *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (quoting *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir.1994)).

IT IS THEREFORE ORDERED that Plaintiff shall file an amended complaint that complies with Rule 8(a) not later than January 14, 2013. Failure to comply with this Order will result in the dismissal of this case without prejudice to refiling.[2]

IT IS SO ORDERED this 27th day of December, 2012.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE

---

[2] As noted above, if Erzulie Lubin wishes to join as a plaintiff in this action, she must also sign the amended pleading, which must adequately state her claims.

2