IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MARCSON LUBIN and ERZULIE LUBIN, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. CIV-12-1379-D |
| ) | |
| TRACFONE WIRELESS, INC., ) | |
| ) | |
| Defendant. ) | |

**O R D E R**

This matter comes before the Court upon Defendant TracFone Wireless, Inc.'s Motion to Dismiss [Doc. No. 10], filed pursuant to Fed. R. Civ. P. 12(b)(1), (3) and (6). The record reflects no timely response by Plaintiffs.[1] Upon consideration, the Court finds the case should be dismissed for lack of federal jurisdiction.

Plaintiffs, who appear *pro se*, are proceeding under the Amended Complaint [Doc. No. 5], which was filed in response to the Order of December 27, 2012, directing them to satisfy the pleading requirements of Fed. R. Civ. P. 8(a). Defendant contends the Amended Complaint does not comply with the December 27 Order, and should be dismissed.

Upon examination of the Amended Complaint, the Court agrees. Plaintiffs were expressly directed to Rule 8(a)(1) and the requirement of a basis for federal subject matter jurisdiction. *See* Order 12/27/12 [Doc. No. 4] at 2. Because Plaintiffs assert common law claims, the only possible basis of jurisdiction is 28 U.S.C. § 1332(a), which requires both diversity of citizenship and a sufficient amount in controversy. The Amended Complaint contains no factual allegations regarding

---

[1] After the deadline to respond, Plaintiffs filed a motion requesting permission to amend their complaint and an extension of time. The filing is deficient because it is unsigned, and fails to comply with LCvR7.1(h) and LCvR7.1(l). It also provides no basis to conclude that granting the requested relief would rectify the deficiency in their pleading, as set forth herein.

the citizenship of Defendant, as determined by 28 U.S.C. § 1332(c)(1). Further, although Plaintiffs provide a residence address, the Amended Complaint fails to allege their citizenship; merely alleging a place of residence is not sufficient. *See Whitelock v. Leatherman*, 460 F.2d 507, 514-15 (10th Cir. 1972). Finally, apart from an apparently frivolous demand for one million dollars, the Amended Complaint provides no basis to believe that the matter in controversy, as to each individual plaintiff, exceeds the statutory amount. *See Lovell v. State Farm Mut. Auto. Ins. Co.*, 466 F.3d 893, 897 (10th Cir. 2006) (noting "well established principle that each plaintiff . . . must individually satisfy the amount in controversy requirement").

Therefore, because the Amended Complaint does not plead subject matter jurisdiction, and because Plaintiffs have previously received an opportunity to cure this deficiency in their pleading, the Court finds that this action should be dismissed.

IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss [Doc. No. 10] is GRANTED, as set forth herein. A separate judgment shall be entered.

IT IS SO ORDERED this 11th day of March, 2013.

_____
TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE